Roy P. Moskowitz, Esq. Formal Opinion Acting General Counsel No. 2000-F4 The City University of New York 535 East 80th Street New York, N Y 10021
Dear Mr. Moskowitz:
You have asked whether vehicles owned by the City University of New York ("CUNY") and operated by members of CUNY's Security and Public Safety force are "police vehicles." In a telephone conversation, you advised that you have raised this question to ascertain the validity of CUNY's practice of placing roof-mounted colored and flashing lights on these vehicles.
Under Vehicle and Traffic Law § 375(41)(2), such lights may be affixed to an "authorized emergency vehicle" and operated while the vehicle is engaged in emergency operations. "Authorized emergency vehicle" is defined as, among other things, a "police vehicle." See
Vehicle and Traffic Law § 101. "Police vehicle" is defined, in turn, under Vehicle and Traffic Law § 132-a to include:
 Every vehicle owned by the state, a public authority, a county, town, city or village, and operated by the police department or law enforcement agency of such governmental unit. . . . [A] vehicle owned and operated by the law enforcement unit of a public or private corporation authorized by law to maintain a unit for the enforcement of law on the property of such corporation shall be a police vehicle only for the purposes of section one hundred one of this chapter [defining "authorized emergency vehicle"].
We conclude that the CUNY vehicles at issue satisfy all the requirements of section 132-a, and therefore are "police vehicles." To fall within the definition of "police vehicle" in Vehicle and Traffic Law § 132-a, a vehicle must be owned by one of the listed entities, which include the State, a city or a public corporation. CUNY has been treated alternatively as a State entity,[1] City entity[2] or separate public corporation.[3]
For present purposes, how CUNY is treated is not significant because section 132-a applies by its express terms to a public corporation, the State or the City. Thus, CUNY is necessarily among the entities embraced by the statute.
Vehicle and Traffic Law § 132-a also requires that a "police vehicle" be operated by the police department or law enforcement agency of the State or a city or, in the case of a public corporation, by a law enforcement unit authorized to engage in law enforcement on the property of the corporation. Based on your description, CUNY's vehicles meet this requirement as well.
The Education Law provides that "[t]he city university shall have the care, custody, control, and management of the lands, grounds, buildings, facilities and equipment used for the purposes of the educational units of the city university and it shall have the power to protect, preserve and improve the same." Education Law § 6203. Your opinion request indicates that the vehicles in question are used by CUNY's security force to serve these purposes. You have also advised us that CUNY's Security and Public Safety force includes individuals who have been designated special patrolmen pursuant to § 14-106 of the Administrative Code of the City of New York and that these individuals are peace officers pursuant to Criminal Procedure Law § 2.10(27). As peace officers, they have extensive law enforcement powers. See Criminal Procedure Law § 2.20. Thus, the vehicles operated by these officers satisfy the additional requirement of section 132-a.
We conclude that vehicles owned by CUNY and operated by its Security and Public Safety force on the property of CUNY are "police vehicles" as defined in Vehicle and Traffic Law § 132-a. Therefore, these vehicles may display red or white flashing lights while engaged in emergency operations on CUNY property. Such operations are defined in Vehicle and Traffic Law § 114-b.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] For example, CUNY is defined as a "state agency" under both Public Officers Law § 73 and § 73-a, which deal with conflict of interest standards and financial disclosure requirements applicable to state officers and employees. See Public Officers Law §§ 73(1)(g),73-a(1)(b).
[2] See Matter of Apollon v. Giuliani, 246 A.D.2d 130 (1st Dep't 1998), ap. dism., 94 N.Y.2d 1046 (1999). Apollon involved a request for attorney's fees under CPLR article 86 in a proceeding brought to challenge CUNY's funding of its community colleges. Article 86 authorizes an award of attorney's fees in certain "civil action[s] brought against the state." CPLR § 8601. The court held that under the circumstances presented, CUNY should be treated as the City of New York rather than the State and that an award of attorney's fees was therefore not available.
[3] Education Law § 6203 provides that "[t]he separate and distinct body corporate designated as the board of higher education in the city of New York shall be continued and shall hereinafter be known as the city university of New York." CUNY is a public university supported by public funds. See Education Law §§ 6201(1), 6202(4), 6206(10),6221(A)(1). Thus, under the Education Law, CUNY is a public corporation.